WILLIAM R. TAMAYO, SBN 084965 (CA)
JOHNATHAN T. PECK, SB 12303 (VA)
MARCIA L. MITCHELL, SBN 18122 (WA)
DAVID F. OFFEN-BROWN, SBN 063321 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
David.Offen-Brown@eeoc.gov
Telephone:(415) 625-5652
Fax: (415) 625-5609

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

          Plaintiff, and

KERRY KIRKSEY,

          Plaintiff-Intervenor,

          v.

ITT EDUCATIONAL SERVICES, INC.
d/b/a ITT TECHNICAL INSTITUTES,

          Defendant.

Civil Case No.: 11-02504 KJM-KJN

**CONSENT DECREE**

## I.    INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (EEOC) filed this action pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The EEOC alleged that Defendant ITT Educational Services, Inc. (ITT or Defendant) subjected Charging Party Kerry Kirksey to disability discrimination by not accommodating him in the application and hiring process and not hiring him because he is disabled.  Mr. Kirksey has intervened as a plaintiff.  Defendant answered the complaint and denied it violated the ADA or any other law or statute.

/////

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  The Parties agree to the jurisdiction of the Court over this action.  The parties agree that this Consent Decree is fair, equitable, and reasonable, and does not violate the law or public policy.

## II.   NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of the ADA or any other law or statute by Defendant.

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III.   GENERAL PROVISIONS

1.      This Court has jurisdiction over the subject matter and the parties to this action.

2.      This Consent Decree constitutes a full resolution of the Complaints in EEOC and Kerry Kirksey v. ITT Educational Services, Inc., Civil Action 2:11-CV-02504 KJM-KJN.

3.      This Consent Decree shall become effective upon its entry by the Court and shall remain effective for three (3) years after its entry.

4.      This Consent Decree is final and binding upon the Parties and their successors and assigns.

5.      Except as otherwise stated herein, the Parties shall bear their own costs and attorney fees in this action.

## IV.   GENERAL INJUNCTIVE RELIEF

Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) unlawfully discriminating against any employee due to his or her disability; or (b) retaliating against any employee because he or she: (i) opposes or opposed any act or practice made unlawful by the ADA; (ii) filed a charge of discrimination or assisted or participated in the filing of a charge of discrimination; or (iii) assisted, testified, or participated in an investigation (including without limitation any internal investigation undertaken by Defendant) or proceeding brought under the

1  Federal laws prohibiting discrimination or retaliation.  Defendant shall not coerce, intimidate,

2  threaten, or interfere with any individual in the exercise of enjoyment of, or on account of his or her

3  having exercised or enjoyed, or on account of his or her having aided or encouraged any other

4  individual in the exercise or enjoyment of, any right granted or protected by the ADA.

5  **V.    MONETARY RELIEF**

6        Defendant shall pay monetary relief to Kerry Kirksey in the amount of $74,775.00 (Seventy

7  Four Thousand, Seven Hundred Seventy Five Hundred Dollars) and shall pay attorneys fees and

8  costs to the Legal Aid Society – Employment Law Center in the amount of $24,225.00 (Twenty Four

9  Thousand Two Hundred Twenty Five Dollars)  These payments shall be made only if Kirksey does

10  not revoke his signature pursuant to the terms of the separate agreement between Kirksey and ITT

11  and only upon entry of this Consent Decree.  Defendant shall issue an IRS Form 1099 to Mr.

12  Kirksey for the amount paid to him, and shall issue an IRS Form 1099 to the LAS-ELC for the

13  amount paid to it.  Defendant will mail the checks directly to Kerry Kirksey's counsel with a

14  photocopy of the checks, IRS Forms, and related correspondence to the EEOC's counsel of record,

15  David F. Offen-Brown, Senior Trial Attorney for the EEOC, at 350 The Embarcadero, Suite 500,

16  San Francisco, CA 94105-1260 simultaneously with the mailing of the check.

17  **VI.    SPECIFIC INJUNCTIVE RELIEF**

18        In order to effectuate the objectives embodied in this Consent Decree, Defendant shall make

19  the following modifications to its existing policies, procedures and practices.

20        **A.    Policy Changes**

21            1.    Within sixty (60) days after entry of this Consent Decree, Defendant shall

22  either confirm that its current personnel policies or handbook include the following (or substantially

23  similar), or modify them to include:

24                a.    Clear and complete definitions of discrimination on the basis of

25  gender, race, religion, national origin, disability, age and color, including harassment and reasonable

26  accommodation, and examples to supplement the definitions.

27                b.    A statement that discrimination is illegal, prohibited, and will not be

28  tolerated; that for persons with disabilities who can perform the essential functions of the applicable

1  job with a reasonable accommodation, ITT must provide reasonable accommodations which allow

2  those persons to perfom the jobs in question; that reasonable accommodations will be provided as

3  needed to allow disabled employees to enjoy equal employment opportunities and equal benefits of

4  employment; that an applicant or employee must be otherwise qualified for the position to be

5  provided an accommodation; that reasonable accommodations are required to allow persons with

6  disabilities to apply for positions at ITT as effectively as applicants without disabilities, including

7  but not limited to making applications, tests, and other hiring steps as accessible to persons with

8  disabilities as to persons without disabilities; and that an accommodation does not need to be

9  provided if it would present an undue burden to the employer

10                    c.        A procedure for lodging complaints of discrimination, including

11  language that complaints of discrimination, failure to accommodate religion or disability,

12  harassment, and/or retaliation will be accepted and investigated irrespective of whether they are

13  made verbally or in writing.  The policy shall also include a clear and strong statement encouraging

14  persons who believe they have faced discrimination to raise complaints with Defendant's officials.

15                    d.        The identification of specific individuals or departments, including

16  their telephone numbers, with whom employees can lodge a complaint of discrimination and/or

17  submit a request for reasonable accommodation.

18                    e.        A description of the consequences, up to and including termination,

19  which will be imposed upon violators of the policies proscribing discrimination and requiring

20  reasonable accommodation.

21                    f.        An assurance of maximum feasible confidentiality for persons who

22  believe that they have been subjected to unlawful discrimination.

23                    g.        An assurance of non-retaliation for persons and witnesses who report

24  to Defendant that they believe they have been subjected to unlawful discrimination.

25                    h.        These policies shall be posted within 60 days on ITT's on-line portal

26  available to its employees and employees will be notified by email that the policies have changed

27  These policies shall not be revised in a manner inconsistent with the foregoing during the duration of

28  /////

1   this decree without first obtaining consent from the EEOC, and any revision shall be sent to the

2   EEOC within ten (10) days of its adoption.

3          2.     If Defendant confirms that its current personnel policies include the

4   requirements of Section VI.A.1. above, Defendant shall provide a copy of those polices to the EEOC

5   within sixty (60) days after entry of this Consent Decree.

6          **B.     Accommodating Applicants**

7          1.     <u>Posting of Accommodations Policy</u>.  Defendant shall prominently display on

8   materials describing employment with ITT and on its hiring materials a statement that

9   accommodations are available in the hiring process for applicants with disabilities including a link to

10  contact information, including an email address and/or telephone number, for making requests for

11  accommodations.  Such display will appear on the main web pages visited by applicants and by job

12  seekers reviewing job openings with Defendant, and within FAQs (frequently asked questions) about

13  employment with ITT.  Defendant shall ensure that these web pages, including the ITT Tech Career

14  Portal, and the Portal's successors and revisions, are accessible to individuals with disabilities who

15  use text-to-speech software and other means of accessing Internet or other content in electronic

16  form, such as JAWS software.   Defendant shall ensure that an inquiry made about accommodation

17  will receive a prompt, correct response, including by assigning designated staff to monitor and

18  respond to email requests and by training such staff to engage in the interactive process and to

19  provide effective reasonable accommodations.  Defendant shall accomplish the requirements of this

20  paragraph within sixty (60) days after entry of this Decree.

21          2.     <u>Training on Accommodations Policy</u>.  Within sixty days of entry of this

22  decree, Defendant shall train staff involved in employment recruitment and hiring at the Rancho

23  Cordova campus in how to respond appropriately to all requests for accommodation received by

24  telephone, email, or by any other means of communication.

25          3.     <u>Vendors and Contractors</u>.  Defendant shall require Pradco, People Answers,

26  and other entities Defendant retains to perform any recruiting or hiring function to timely notify it of

27  any request for reasonable accommodation from persons with sensory impairments.  Defendant shall

28  require that Pradco, PeopleAnswers, and other vendors or entities from which it procures applicant

1    testing materials have the ability to promptly revise or modify the tests to accommodate individuals

2    with sensory disabilities.

3              4.    Development and Implementation of Accessibility Plan.  Within sixty (60)

4    days after entry of this Decree, Defendant shall make and implement internally an accessibility plan

5    to ensure that its applications, hiring information and resources, and employment-related

6    assessments and testing, are accessible to persons with sensory disabilities.  This plan will outline

7    potential accommodations available for each step in its application process for persons with sensory

8    disabilities.  In adopting this plan, ITT will consider any suggestions from the EEOC or its

9    consultants regarding methods to ensure the effectiveness of the accessibility plan, including how to

10   make its website, digital information, hiring information and resources, and employment-related

11   assessments and testing accessible to individuals who have sensory disabilities.  Within sixty (60)

12   days after entry of this Decree, Defendant shall ensure that all application- and hiring-related

13   materials on its website are accessible to persons with sensory disabilities.  Defendant will provide to

14   the EEOC a report outlining the details of review and assessment of Defendant's hiring and hiring

15   processes and describing the changes made no later than sixty days after implementation of the plan.

16   **C.    Training**

17             1.    Defendant shall present to all of its current management and personnel

18   employees at its Rancho Cordova campus and any other management employees involved in

19   recruitment of employees or hiring in California at least two hours of mandatory equal employment

20   opportunity training, once every year for the duration of this Consent Decree.  Training shall be

21   presented by an individual with experience in federal EEO laws approved in advance by the EEOC

22   or by an on-line training.  The cost of the training shall be borne by Defendant.

23             2.    The training required by this Decree may be in-person or on-line training,

24   accompanied by materials, and shall educate the employees about the problems of discrimination in

25   the workplace and the requirement of reasonable accommodation.   The purpose of the training will

26   be to give participants a thorough understanding of discrimination and harassment issues, including

27   but not limited to theories of liability under the ADA, reasonable accommodation in the hiring

28   process with specific examples of how it should work, how to handle requests for accommodation,

1   the requirement to hire without regard to disability and to provide reasonable accommodations,

2   sources of legal protection for victims of discrimination and harassment, and the employer's

3   obligation to take preventive, investigative, and remedial action with respect to discrimination and

4   harassment complaints, and to review company policies (including discipline policies) and practices

5   related to discrimination, harassment, accommodation, and retaliation.  The training will further

6   inform each participant that he or she is responsible for knowing and complying with the contents of

7   Defendant's equal employment opportunity policy and the reasonable accommodation provisions

8   therein.

9           3.      Thirty (30) days in advance of each training Defendant shall provide to the

10   EEOC a copy of the course syllabus for the training and the location and time of the training.  The

11   EEOC, with reasonable notice, may designate EEOC representatives to attend and participate in the

12   training seminars.

13           4.      The first trainings shall be held within ninety (90) days of the effective date of

14   this decree; subsequent trainings will be held annually thereafter, and the last trainings will be given

15   no later than two months prior to the expiration date of this decree.

16           5.      All persons participating in each mandatory equal employment opportunity

17   training shall either sign an acknowledgment of his or her attendance at the training, the date thereof,

18   and his or her position with the Company, or ITT will maintain a record that said person participated

19   on-line.

20           **D.      Posting Regarding This Decree**

21           The Notice of the Consent Decree, attached hereto as Exhibit A, shall be posted within five

22   (5) days of entry of this Decree, and shall remain posted in a clearly visible location frequented by

23   employees at Defendant's Rancho Cordova campus during the term of this Consent Decree.  Should

24   the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new

25   readable copies of the Notice are posted in the same manner as specified herein.   Defendant will

26   send the EEOC certification that the Notice has been posted within ten (10) days of entry of this

27   Decree.

28   /////

**E.     Reporting**

1.     Within one hundred twenty (120) days of the entry of this Consent Decree, Defendant shall send to the EEOC a copy of any revised policies and procedures in accordance with Section VI.A., above, and describe how it has complied with Section VI. B. above.

2.     Within thirty (30) days after completion of the trainings described in Section VI. C. above, Defendant shall send the EEOC appropriate verification of its completion of training, and shall provide a copy of the employee acknowledgments of attendance at training required by Section VI. C. 5. above.

3.     Discrimination and Accommodation Requests Reports.  Defendant shall file the following reports relating to disability discrimination and/or retaliation and requests for accommodation made by Defendant's applicants and employees.

a.     Six (6) months after the entry of this Consent Decree, and every six months thereafter until the expiration of the decree, Defendant will mail to counsel for the EEOC a report containing the following information and documentation:

(1)     A summary of all requests for reasonable accommodation of disabilities received by Human Resources from employment applicants.  This summary shall contain a brief description of each request for accommodation, and a statement as to each as to the response and resolution of such request.  For requests for accommodations, the summary shall include a description of the accommodation sought, any alternative accommodations offered and, if the request was denied, an explanation as to the reasons for the denial.

(2)     Copies of the documents generated as part of the request and Defendant's resolution of such request.

4.     Defendant shall submit a written certification to the EEOC verifying the company's compliance with the terms of the Consent Decree sixty (60) days prior to the expiration of this Consent Decree.

5.     All documents or information required to be submitted by Defendant to the EEOC under the terms of this Consent Decree shall be sent to David F. Offen-Brown, Senior Trial Attorney, EEOC, 350 The Embarcadero, Suite 500, San Francisco, California 94105-1260.

**VII.    RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

1.      This Court shall retain jurisdiction over this matter and the Parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as may be required to effectuate its purposes.

2.      The duration of this Consent Decree shall be three (3) years from the date of entry of the Decree, provided that Defendant has complied substantially with the terms of this Consent Decree.  Defendant shall be deemed to have complied substantially if the Court has not made any finding or orders during the term of the Consent Decree that the Defendant has failed to comply with any terms of this Consent Decree.

3.      The EEOC may seek relief for alleged violations of this Decree. Prior to seeking such relief, the EEOC will notify Defendant's legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Defendant has breached.  Defendant shall have thirty (30) days from the date of notice (Dispute Resolution Period) to attempt to resolve or cure the breach, and the EEOC shall cooperate in good faith in this process.

4.      The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

5.      After the expiration of the Dispute Resolution Period, the EEOC may apply for relief to this Court, seeking all available relief.

6.      The EEOC may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this matter.  Should the Court determine that the Defendant has not complied with this Decree, in whole or in part, it may impose appropriate relief, including an extension of the duration of this decree and other relief the court deems appropriate.

7.      This case shall be dismissed with prejudice upon the expiration of this Decree.

IT IS SO AGREED:

/////

/////

1    Respectfully submitted,

2

3                                              U. S. EQUAL EMPLOYMENT
                                               OPPORTUNITY COMMISSION

4    Dated:   April 25, 2013                       //s// David F. Offen-Brown
                                               DAVID F. OFFEN-BROWN
5                                              Attorneys for Plaintiff
                                               LEGAL AID SOCIETY – EMPLOYMENT LAW
6                                              CENTER

7    Dated:   April 25, 2013

8                                                  //s// Rachael Langston
                                               CLAUDIA CENTER
9                                              RACHAEL LANGSTON
                                               Attorneys for Plaintiff-Intervenor

10

11                                             OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.

12   Dated:   April 25, 2013

13                                                 //s// Thomas M. McInerney
                                               THOMAS M. MCINERNEY
14                                             GREGORY C. CHENG
                                               KRYSTAL N. LOPILATO
15                                             Attorneys for Defendant

16

17   **IT IS SO ORDERED.**

18   Dated:  June 17, 2013.

19   _____
                                               UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28